# DAVID JACOBSON v. STONE & WEBSTER AND ANOTHER.[1]

June 14, 1929.

No. 27,374.

*Ernest E. Watson,* for relators.
*George Hottinger,* for respondent.

WILSON, C. J.

Certiorari to review an order of the industrial commission requiring the payment of further compensation.

The employe suffered a compensable injury. The employer, through its insurer, paid compensation for a period of 230 weeks at the rate of $14.85 a week or a total of $3,415.50. This was predicated as follows: For loss of foot, including ankle movement, 150 weeks; 20 per cent loss of use of hand, exclusive of wrist movement, 30 weeks (this does not seem correct but it is as stated); the full healing period of 25 weeks, and the full retraining period of 25 weeks. Application for a discontinuance of payments was denied, and it was ordered that in addition to the compensation for 50 weeks already paid for healing and retraining periods the employe was entitled to compensation for a period of 260 weeks less 180 weeks already paid.

[1]Reported in 225 N. W. 895.

The employe suffered a loss of the right foot and ankle and a 30 per cent permanent loss of use of his right hand including the wrist movement.

G. S. 1923 (1 Mason, 1927) § 4274, in part provides:

"(13)   For the loss of a hand, including wrist movement, 66 2/3 per centum of the daily wage at the time of injury during 175 weeks.

"(17)   For the loss of a foot, including ankle movement, 66 2/3 per centum of the daily wage at the time of injury during 150 weeks.

"(33)   For the loss of one hand and one foot, 66 2/3 per centum of the daily wage at the time of injury during 400 weeks.

"(39)   Where an employe sustains concurrent injuries resulting in concurrent disabilities, he shall receive compensation only for the injury which entitles him to the largest amount of compensation; but this section shall not affect liability for serious disfigurement materially affecting the employability of the injured person or liability for the concurrent loss of more than one member, for which members compensations are provided in the specific schedule and in subsection (e) below.

"(41)   In cases of permanent partial disability due to injury to a member, resulting in less than total loss of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss of the respective member, which the extent of injury to the member bears to its total loss."

Relators now concede that the employe is entitled to compensation for 150 weeks on account of the loss of the foot, including the ankle movement, and that in addition thereto he is entitled to 30 per cent of the loss of the use of the hand, including the wrist movement (30 per cent of 175 weeks) which is 52½ weeks or a total compensation for a period of 202½ weeks, exclusive of the healing period and retraining period.

As indicated in G. S. 1923 (1 Mason, 1927) § 4274(33), and indeed from subds. 28 to 37, inclusive, concurrent loss of two members shall be compensated at a rate higher than is allowed for such injuries considered separately.   But all statutory provisions for

double liability are based upon the proposition that there is a total loss. There is no such statutory provision applicable to a partial disability.

However the commission sought to invoke G. S. 1923 (1 Mason, 1927) § 4326 (k), reading:

"Wherever in this act the singular is used, the plural shall be included," thereby making the last portion in subd. (41) read: "respective members, which the extent of injury to the members bears to their total loss." It also apparently considered that subd. (41) providing that compensation for permanent partial disability "shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss of the respective member, which the extent of injury to the member bears to its total loss," leads to a double schedule in cases such as this. By this process the commission reached the conclusions that the provision for 400 weeks, known as double disability, was applicable. It then used an arbitrary formula of taking the two percentages, namely, 100 per cent plus 30 per cent equal 130, divided by two gives 65 per cent of 400 weeks or 260 weeks.

This is rather a circuitous route to ascertain the legislative intent. It carries some degree of plausibility. The question is important, and if such was the intention of the legislature it could have easily said so. It did not. It made no provision for the double schedule involving the 400 weeks to apply to that portion of an injury involving a partial disablement. The statute refers only to such cases as involve a total loss to at least two members. Whatever we may think the legislative policy should be is not to the point. It alone can declare such policy. It has not spoken. Until it does we must content ourselves by construing the act as written. If the act is not satisfactorily written in its present form the legislature will promptly correct it.

From what we have said it follows that the employe is entitled to compensation for 150 weeks on account of the loss of the foot, including the ankle movement, and that in addition thereto he is entitled to 30 per cent of the loss of the use of the hand, including

the wrist movement, or 52½ weeks, or a total compensation for a period of 202½ weeks, exclusive of healing period and retraining period. He has been compensated so far on the basis of 20 per cent instead of 30 per cent.

The cause is remanded to the commission with direction to modify the order to comply with the views herein expressed.